<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD RAY NICHOLS, | Civil Action No. 16-9140 (BRM) |
| Petitioner, | |
| v. | **OPINION** |
| FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (the "Petition") (Dkt. No. 1), filed by Petitioner Donald Ray Nichols ("Petitioner"). Pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases, the Court has *sua sponte* screened the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Petition is **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**[1]

Petitioner is a federal prisoner confined at New Jersey State Prison, where he was transferred, pursuant to the Interstate Compact Agreement on Transfers, after testifying against other inmates in a federal prison. (Dkt. No. 1 at 13.) Petitioner has been incarcerated at New Jersey State Prison for over five (5) years. (*Id.* at 14.) While incarcerated, Petitioner asserts that he was approached by the prison's special investigations division, and was asked to be a "mole" ferreting

---

[1] The facts set forth in this Opinion are taken from the Petition and the parties' related filings.

out illegal activity in the prison. (*Id.*) According to Petitioner, he agreed to do so and his cooperation apparently resulted in "21 indictments" including against people outside the prison. (*Id.*) In return, the investigators agreed to inform Petitioner's acting warden about his cooperation in the hope of securing a sentence reduction. (*Id.*) Petitioner contends the acting warden either did not receive the report, or simply refused to move for a sentence reduction based on Petitioner's cooperation. (*Id.*)

Petitioner contends that he specifically requested his acting warden file on his behalf a motion for a sentence reduction under 18 U.S.C. § 3582(c) based on his cooperation with New Jersey State Prison's investigations, but the warden refused because Petitioner did not meet the requirements to make such a motion pursuant to Bureau of Prisons ("BOP") Program Statement 5050.49 on compassionate releases and reductions in sentences. (*Id.* at 13-18; Dkt. No. 1-1 at 1.) Petitioner appealed the denial of his request for a sentencing reduction, and the Regional Director of the BOP affirmed. (Dkt. No. 1-1 at 3.) As a result, Petitioner filed the Petition and requests the Court direct the BOP to file a sentence reduction motion on his behalf. (Dkt. No. 1.)

II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when (s)he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily review all habeas petitions to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." A district court is "authorized to

dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DECISION

Petitioner seeks to use the Petition to challenge the BOP's decision not to file a sentence reduction motion on his behalf pursuant to 18 U.S.C. § 3582(c)(1)(A). This Court, however, is without jurisdiction to entertain such a claim in a habeas petition. *See Chu v. Hollingsworth*, No. 14-4598, 2014 WL 3730651, at *2-4 (D.N.J. July 28, 2014). As explained in *Chu*:

> Generally, a § 2244 habeas petition is the proper vehicle for a federal prisoner to challenge the fact—or calculation of the duration—of his confinement, as it was imposed by the sentencing court. *See Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Tedford v. Hepting*, 990 F. 2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv. L. Rev. 1551, 1553 (2001)). Hence, while the habeas law knows a handful of expansions of this core principle and, occasionally, allows a federal prisoner to challenge the "execution" of his sentence by raising slightly different grounds, those expansions are invariably narrowly tailored. *See, e.g., Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882, (3d Cir. 2007) (relying on *Woodall v. Fed. Bureau of Prisons*, 432 F. 3d 235 (3d Cir. 2005), and *Pischke v. Litscher*, 178 F. 3d 497 (7th Cir. 1999), for the observation that § 2241 habeas jurisdiction is present only in those challenges to denial of transfer where the sought transfer necessarily entails "a quantum change in the level of custody," as is in a transfer from a prison to a CCC).
>
> One of these narrowly-tailored expansions allowing for habeas relief is the compassionate grounds, codified in 18 U.S.C. § 3582, pursuant to which a federal prisoner may be released from incarceration prior to the end of a validly-imposed sentence. That provision reads, in relevant part: ["t]he court may not modify a term of imprisonment once it has been imposed except that . . . the court, *upon motion of the Director of the Bureau of Prisons*, may reduce

the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction. . .["] 18 U.S.C. § 3582(c)(1)(A)(1) (emphasis added).

This statutory language makes it clear that, in order for an inmate to be even considered for habeas relief, a motion for his sentence reduction should be filed by the Director of the BOP after the Director approves an inmate's application for compassionate release. Without satisfying this condition precedent, an inmate has no basis for seeking habeas review. *See id.* It follows that the BOP has broad discretion as to whether to move the court for a sentence modification. In light of this broad statutory grant of discretion, federal appellate and district courts have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is simply judicially unreviewable. *See Fernandez v. United States*, 941 F. 2d 1488, 1493 (11th Cir. 1991) (holding that the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) was unreviewable); *Simmons v. Christensen*, 894 F. 2d 1041, 1043 (9th Cir. 1990) (same); *Turner v. U.S. Parole Comm'n*, 810 F. 2d 612, 615 (7th Cir. 1987) (same); *see also Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) ("the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable") (collecting cases); *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (a district court lacks "jurisdiction to sua sponte grant compassionate release," and"[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon motion from the Director of the Bureau of Prisons"); *Crawford v. Woodring*, [No. 08-362], 2009 WL 6575082 (C.D. Cal. Dec. 11, 2009) (dismissing, as unreviewable, prisoner's § 2241 request for an order directing the BOP to move for early release under § 3582(c)(1)(A)(i)); *Gutierrez v. Anderson*, [No. 06-1714], 2006 WL 3086892 (D. Minn. Oct. 30, 2006) (same); *accord United States v. Yuk Rung Tsang*, [No. 00-80451], 2014 WL 821304 (E.D. Mich. Mar. 3, 2014) ("a federal court lacks jurisdiction to review a decision by the BOP not to seek a compassionate release"); *United States v. Stokes*, [No. 10-439, 12-837,] 2013 U.S. Dist. LEXIS 146042 (N.D. Ohio Oct. 9, 2013) (same); *Johnson v. United States*, [No. 13-P49,] 2013 U.S. Dist. LEXIS 68809 (W.D. Ky. May 14, 2013); *Huff v. United States*, [No. 09-169, 06-71,] 2012 U.S. Dist. LEXIS 106656 (E.D. Tenn. July 31, 2012); *United States v. Najib Shemami*, [No. 07-20160], 2012 WL 691746 (E.D. Mich. Mar. 1, 2012).

Indeed, the district courts in this Circuit reached the same conclusion and, moreover, the Court of Appeals for the Third Circuit

4

> affirmed that finding. *See, e.g., Share v. Krueger*, [No. 12-2495], 2012 WL 6761881 (M.D. Pa. Dec. 26, 2012), *aff'd*, 553 F. App'x 207, 209 (3d Cir. 2014) (declining to apply the narrow Woodall expansion of the habeas mandate to the claims challenging an administrative denial of compassionate release and concluding that an application seeking judicial review of such denial, "despite the title it bears, [would] not [be] properly brought as a § 2241 petition"). Hence, Petitioner's application is subject to prejudicial dismissal for lack of jurisdiction.

*Chu*, 2014 WL 3730651 at *2-4.

Here, as in *Chu* and *Krueger*, Petitioner does not challenge the execution of his sentence. Nor does Petitioner contend his sentence is being carried out unlawfully, or in a manner otherwise in conflict with the sentence imposed upon him. Instead, Petitioner is seeking to use the Petition to force the BOP to change its mind as to whether to file a motion for a reduction of sentence on his behalf. Habeas jurisdiction is not available for such a claim, and this Court is without jurisdiction to review the discretionary decision of the BOP not to file a motion for a reduction of Petitioner's sentence. *Krueger*, 553 F. App'x 209 (holding that Section 2241 only provides jurisdiction for challenges alleging that the BOP's conduct "was somehow inconsistent with a command or recommendation in the sentence or judgment," and jurisdiction is unavailable for challenges to the BOP's decision not to use its discretion to move the sentencing court for a reduction in sentence); *Chu*, 2014 WL 3730651 at *2-4. This Court is therefore without jurisdiction to hear Petitioner's claims, and must dismiss the Petition.

**IV. CONCLUSION**

For the reasons stated above, the Petition is **DISMISSED** for lack of jurisdiction. An appropriate order will follow.

**Date: December 14, 2016**                     */s/ Brian R. Martinotti*
                                                             **HON. BRIAN R. MARTINOTTI**
                                                             **UNITED STATES DISTRICT JUDGE**