<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD RAY NICHOLS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>　　　　　　Respondent. | Civil Action No. 16-9140-BRM<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE:**

　　Before this Court is Petitioner Donald Ray Nichols's ("Petitioner") Motion for Reconsideration (ECF No. 4) of this Court's Opinion and Order (ECF Nos. 2 and 3) screening and dismissing his petition for a writ of habeas corpus (ECF No. 1). For the reasons set forth below, Petitioner's Motion for Reconsideration is **DENIED**.

**I.　BACKGROUND**

　　This Court previously summarized the allegations in Petitioner's habeas petition (*see* ECF No. 2 at 1-2) and, therefore, only a brief recitation of the facts is necessary for the resolution of Petitioner's motion for reconsideration. Petitioner is a federal prisoner confined at New Jersey State Prison pursuant to the Interstate Compact Agreement on Transfers. (ECF No. 1 at 13.) Petitioner contends he provided testimony and various information to prison officials in furtherance of the prosecution of other prisoners. (*Id*. at 14.) Petitioner believes this conduct entitled him to a reduced sentence, which he could only receive if the Federal Bureau of Prisons

(the "Bureau") filed a motion for a reduction of sentence on his behalf, under 18 U.S.C. § 3582(c), but the Bureau declined to do so. (*Id*.)

After screening Petitioner's habeas petition, on December 14, 2016, this Court entered an Opinion (ECF No. 2) and Order (ECF No. 3) dismissing the petition for lack of jurisdiction. The Court found Petitioner was not challenging the execution of his sentence, but rather the Bureau's discretionary decision not to file a motion for reduction of sentence. (ECF No. 2 at 3-5.) As such, the Court held it lacked habeas jurisdiction and dismissed the petition accordingly. (ECF Nos. 2 and 3.) Petitioner now moves for reconsideration of that decision. (ECF No. 4.)

In his motion for reconsideration, Petitioner contends this Court misunderstood the intention of his petition. Rather than challenging the Bureau's refusal to file a motion on his behalf, he requests the Court to "clarify" that the statute "does not in any way limit" the Bureau's ability to make a motion on behalf of a prisoner such as himself. (*See* ECF No. 4 at 1-2.) Petitioner argues he is entitled to a declaration that the Bureau *could* make a motion on his behalf if it so chose, regardless of the Bureau's contrary policies. (*Id.*) Petitioner's motion indicates he is *still* not challenging the legality or execution of his sentence, but is instead continuing to attempt to use the habeas mechanism as a means for the Court to interfere in the Bureau's discretionary decision-making.

## II. LEGAL STANDARD

Whether brought pursuant to Local Civil Rule 7.1(i) or pursuant to Federal Rule of Civil Procedure 59(e), the scope of a motion for reconsideration is extremely limited and such motions should only be granted sparingly. *Delanoy v. Twp. Of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (discussing Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (discussing Rule 59(e)). An order of the Court may be altered or amended

pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to Rule 59(e) motions). In the context of a reconsideration motion, manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n.3 (D.N.J. 2011). Reconsideration motions may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order. *Delanoy*, 2015 WL 2235106 at *2. As such, courts should grant a motion for reconsideration only where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Id*.

**III. DECISION**

In his motion, Petitioner contends this Court misunderstood the relief sought in his habeas petition. Petitioner suggests he is not seeking to challenge the Bureau's decision not to file a sentence reduction motion on his behalf. Rather, he requests the Court declare the Bureau has the authority to make such a motion on Petitioner's behalf if the Bureau so desired. In this context, however, the distinction is one without a difference. Regardless of how Petitioner chooses to phrase it, as the Court previously explained, he is not seeking to challenge the legality or execution of his current sentence but, rather, the Bureau's interpretation of its authority under 18 U.S.C. § 3582(c) and related regulations. Whether Petitioner is challenging the specific decision not to file

a motion on his behalf or the Bureau's regulatory decisions as to when it *can* make such a motion, that claim is beyond the scope of this Court's habeas jurisdiction.

As this Court previously explained (*see* ECF No. 2 at 3-5), this Court's jurisdiction to hear claims brought by prisoners pursuant to 28 U.S.C. § 2241 is limited to challenges to the legality or execution of the prisoner's detention, and this Court lacks jurisdiction to hear a challenge to the discretionary decisions of the Bureau in regards to whether and when to file a motion for a reduction of sentence under 18 U.S.C. § 3582(c). *See Share v. Krueger*, No. 12-2495, 2012 WL 6761881 (M.D. Pa. Dec. 26, 2012), *aff'd*, 553 F. App'x 207, 209 (3d Cir. 2014); *Chu v. Hollingsworth*, No. 14-4598, 2014 WL 3730651, at *2-4 (D.N.J. July 28, 2014). Here, however, Petitioner does not assert that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). To the contrary, although not phrased as such, the instant motion makes clear Petitioner is seeking declaratory relief as to the Bureau's discretion to make a motion for a reduction of sentence. Petitioner continues to do exactly what this Court previously held to be improper in the context of a habeas petition: attack the Bureau's discretion not to make a motion on his behalf, more specifically, by "forcing" the Bureau to accept his interpretation of the statute rather than its own. Even if such a claim for purely declaratory relief were cognizable, it would not be a proper habeas claim because it does not seek to challenge the legality of Petitioner's detention or the execution of his sentence. Simply put, under 28 U.S.C. § 2241, this Court has no habeas jurisdiction to hear Petitioner's claim for declaratory relief.

In sum, this Court finds it did not overlook any dispositive or relevant factual or legal matters applicable to Petitioner's habeas petition. Further, in dismissing his petition for lack of habeas jurisdiction, this Court finds it did not commit any direct, obvious, or manifest error sufficient to work a manifest injustice upon Petitioner. *See Blystone*, 664 F.3d at 415; *Delanoy*,

2015 WL 2235106 at *2. As such, Petitioner has presented no valid basis for reconsideration of the dismissal of his habeas petition, and his motion for reconsideration must be denied.

IV. CONCLUSION

For the reasons stated above, Petitioner's Motion for Reconsideration (ECF No. 4) is **DENIED**. An appropriate order will follow.


**Date:   March 7, 2017**                                          */s/ Brian R. Martinotti*
                                                                   **HON. BRIAN R. MARTINOTTI**
                                                                   **UNITED STATE DISTRICT JUDGE**